# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2012

Lyle W. Cayce
Clerk

No. 11-50980
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY SOLIS, also known as Larry Medel,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-82-1

Before JONES, Chief Judge, and BENAVIDES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Larry Solis pleaded guilty, pursuant to a conditional plea agreement, to possessing with intent to distribute heroin and possessing a firearm in furtherance of a drug trafficking crime. He challenges the district court's denial of his motion to suppress evidence seized by police from the trailer home where he was arrested and consented to a search of the trailer and his car. He contends that because he was an overnight guest and not a resident of the home,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the police lacked the authority to enter without a search warrant to execute a warrant for his arrest.

In reviewing a district court's denial of a motion to suppress, we consider questions of law de novo and will reverse factual findings only if they are clearly erroneous. *United States v. Raney*, 633 F.3d 385, 389 (5th Cir. 2011). We view the evidence in the light most favorable to the prevailing party and may affirm the denial of the motion on any basis supported by the record. *Id.*; *United States v. Aguirre*, 664 F.3d 606, 610 (5th Cir. 2011), *cert. denied*, 2012 WL 894568 (Apr. 16, 2012) (No. 11-9320).

Even if we assume, as Solis maintains, that he was an overnight guest in the trailer and did not reside there, he cannot succeed. A houseguest has standing to challenge a search of his host's home because the guest has a legitimate expectation of privacy there. *Minnesota v. Olson*, 495 U.S. 91 (1990). However, we have explained that the "Fourth Amendment protects people, not places" and thus that "Fourth Amendment rights as a guest are limited to those that [the guest] could assert with respect to his own residence." *United States v. Taylor*, 482 F.3d 315, 318 (5th Cir. 2007). Had Solis been in his own residence, the police would have been permitted to enter pursuant to an arrest warrant naming him if they had reason to believe that he was inside. *See Payton v. New York*, 445 U.S. 573, 603 (1980). There was reason for police to believe that Solis was inside of the trailer. A maintenance worker at the trailer park identified a photograph of Solis, explained that Solis had been staying at the trailer with his girlfriend and her mother for approximately two weeks, and reported that Solis was likely inside of the trailer because the car he drove was parked outside. Accordingly, officers did not run afoul of the Fourth Amendment by entering the trailer to arrest Solis pursuant to a warrant for his arrest but without a search warrant.

The judgment of the district court is AFFIRMED.